IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILO A. JONES,

        **Plaintiff,**

        v.                      CASE NO. 11-3082-SAC

DAVID McKUNE,
Warden, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Having considered all materials filed, the court finds as follows.

## FILING FEE

The fee for filing a civil action is $350.00. Plaintiff has filed a Motion to Proceed Without Prepayment of Fees and has attached an Inmate Account Statement in support as statutorily mandated. As Mr. Jones has previously been informed, under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave remains obligated to pay the full fee, but is allowed pay the fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds

the average monthly deposit to plaintiff's account is $ 32.52, and the average monthly balance is $ 6.07. The court therefore assesses an initial partial filing fee of $ 6.50, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted will result in dismissal of this action without further notice.

**FACTUAL BACKGROUND**

Plaintiff asserts violation of his 14th Amendment due process rights and seeks money damages and other relief. He names as defendants David McKune, Warden, Lansing Correctional Facility (LCF); Roger Werholtz, Secretary of Corrections; Ray Roberts, (former) Warden, EDCF; Susan Gabreal, Deputy Warden EDCF; "John/Jane Doe", "Warden's administrative segregation hearing officer designee", EDCF; Aimee Huffman, Unit Team Manager, EDCF; Gynger Jarboe, Unit Team, EDCF.

As the factual basis for his complaint, Mr. Jones alleges as follows. On July 31, 2007, he received misconduct reports for dangerous contraband and disruptive behavior, and was placed in administrative segregation (ad seg) on pre-hearing detention (PHD).[1] Plaintiff exhibits an Ad Seg Report dated July 31, 2007, which changed his status from PHD to OSR. This Report referred to the misconduct reports, and indicated that the change in his status is

---

[1] Plaintiff does not specify the location of these events, but his KDOC Physical Location History indicates that he was at the EDCF from June 6, 2006 through August 6, 2007.

2

"necessary to preserve the safety and security of the (EDCF)." On August 3, 2007, he received a copy of his "pre-hearing detention status report." He was held in PHD without an "initial hearing" or a disciplinary hearing until August 7, 2007, on which day he was transferred to LCF to attend court on unrelated matters. While at the LCF, he received another misconduct report for lewd act and was convicted, but was sanctioned with a fine only.[2] Plaintiff alleges that his lewd act disciplinary conviction was "recently" vacated by the Butler County Court.[3]

On October 9, 2007, plaintiff was returned to EDCF and to ad seg without a hearing. He exhibits an "Inmate Request to Staff" dated February 26, 2008, to which he attached a motion to dismiss the DR he received on July 31, 2007. The response informed him that the charges were dismissed on October 12, 2007. On October 24, 2007, plaintiff received an ad seg report signed by defendants Jarboe and Huffman, that changed his ad seg status from PHD to "Other Security Risk" (OSR) without notice or a hearing.

Plaintiff alleges that from April 9, 2009 through March 27, 2009, he received six different recommendations from the segregation

---

[2] Elsewhere in his complaint, Mr. Jones alleges that on September 21, 2009, "the hearing officer" declined to call plaintiff's requested inmate witnesses, and failed to provide a record of his reasons. However, plaintiff next alleges that he "timely challenged" the hearing officer's refusal to call his witnesses in Butler County Court on July 21, 2008. It appears that the year 2009 is an error, and plaintiff was actually denied a witness on September 21, 2007. If this is an incorrect assumption, plaintiff may inform the court.

[3] Plaintiff attaches a copy of an "Order . . . Vacating Disciplinary Conviction" filed in the Butler County District Court on October 29, 2010. Therein, the court noted that the matter was before the state district court on remand from the Kansas Court of Appeals, and that the evidence was not disputed that Mr. Jones was "denied a witness he wished to call at his disciplinary proceeding." In addition, the court found that no "record was made of the reason" for the denial and the hearing officer "at this late date" apparently could not recount the reason. The court "reluctantly conclude(d)" that "petitioner's due process rights were technically violated," and respondent was ordered to strike the matter from petitioner's records.

review board for Intensive Supervision (ISP) and for Behavior Management Unit (BMU). On March 27, 2009, he "was seen" by defendants (then Warden) Roberts and Gabreal, who inquired into his "DR history" and goals, which included maintaining good behavior, having contact visits with family, and staying out of ad seg. At another meeting, defendant Roberts and Gabreal asked plaintiff about his placement in ad seg in 2000 and an escape incident in 2008, but plaintiff responded that he was never implicated or charged. Both defendants informed plaintiff that they would not release him from ad seg. Plaintiff sought an informal resolution and was advised in form 9 responses from defendants Roberts and Gabreal that he was being held in ad seg for reasons other than those at his initial placement. Plaintiff alleges that after he filed a number of grievances concerning his placement in ad seg, his "placement factors" changed to add that the disciplinary conviction he "received at LCF violated his ISP." In brief, plaintiff alleges that he was placed in ad seg three times without an initial hearing.

Based upon these facts, plaintiff claims that he was denied procedural due process by Warden McKune with reference to "calling an inmate witness"; that he was denied due process by defendant Werholtz with regard to "appellate review"; that defendants Huffman and Jarboe are liable for having changed his classification status without notice or a hearing; that defendant Roberts "is responsible for arranging a (sic) initial hearing" and thus his being housed in ad seg for 14 days without an initial hearing or disciplinary hearing; and that he was denied due process by defendants Roberts, Gabreal, Huffman, Jarboe, and J. Doe in that they did not provide him with an initial hearing and subjected him to segregation without

4

due process.  Plaintiff alleges that he has been in ad seg continually for 1800 days and claims that this "amounts to atypical and significant hardship."

Plaintiff requests damages and a declaratory judgment that defendants violated his federal constitutional rights.  He also requests an injunction ordering defendants to "immediately release plaintiff from his illegal restraint."  In his prayer for relief, he adds a request for counsel, but he has not filed a separate motion for appointment of counsel.  Such a motion must show his efforts to retain counsel to represent him in this matter and that he is otherwise entitled to assistance of counsel.

Plaintiff alleges that he has exhausted his administrative and state court remedies.

**STANDARDS OF REVIEW**

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.").  The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  Kay

5

v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Id. at 558. Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**SCREENING**

Plaintiff basically presents three claims in his complaint: (1) on July 31, 2007, at the EDCF he was placed in ad seg on prehearing detention and held there until August 7, 2007, without an "initial hearing" or a disciplinary hearing; (2) in September 2007 at the LCF in disciplinary proceedings for the charge of lewd act he was denied a witness without a written statement of reasons; and (3) on October 9, 2007, he was placed in ad seg at the EDCF without an initial hearing and has since remained in ad seg on OSR status.

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all

6

materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**IMPROPER JOINDER**

Mr. Jones has improperly joined claims and parties in this action. FRCP Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Id. FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted).

The Court of Appeals for the Seventh Circuit held in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), that under "the controlling principle" in FRCP Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id. It also prevents prisoners from

"dodging" the fee obligations[4] and the three strikes provisions[5] of the Prison Litigation Reform Act. Id. (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Id.

Plaintiff may not join the claim that the Warden or a hearing officer at the LCF improperly denied a requested witness during his disciplinary proceeding for lewd act with the other claims in his complaint, which occurred at the EDCF and did not involve the LCF Warden or hearing officer. Plaintiff will be given time to file an Amended Complaint on court-approved forms, that does not include improperly joined claims or parties. If he fails to file such an Amended Complaint in the time allotted this action may be dismissed without further notice.

**FAILURE TO SUFFICIENTLY ALLEGE PERSONAL PARTICIPATION**

The court finds that none of the named defendants is alleged to

---

[4] 28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Id.

[5] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
.

have been the hearing officer at the LCF that actually denied plaintiff's request for a witness in the 2007 proceeding. The only proper defendant for plaintiff's claim that he was denied a witness is that hearing officer who denied his request at the LCF. Furthermore, plaintiff's allegation that Warden McKune administratively reviewed and affirmed acts already taken by another LCF employee, is not a sufficient showing of his personal participation in the challenged acts. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). It follows that plaintiff's allegations regarding denial of a witness in 2007 disciplinary proceedings do not evince the personal participation of any named defendant and as a result are subject to being dismissed. Plaintiff's allegations against defendant Werholtz are likewise based upon his administrative review of the disciplinary proceedings, rather than his direct personal participation in the decision to deny plaintiff's witnesses.

**FAILURE TO STATE A FEDERAL CONSTITUTIONAL CLAIM**

In addition, plaintiff's allegations regarding the disciplinary proceedings at the LCF fail to state a claim of federal constitutional violation. Plaintiff alleges that the only sanction he received as a result of these proceedings was a fine. To the extent that plaintiff is attempting to recover under § 1983 based upon this disciplinary action for which loss of good time was not a sanction, he states no claim of federal constitutional violation. See Hornsby v. Jones, 392 Fed.Appx. 653, 655 (10th Cir. Aug. 20,

9

2010)(unpublished)[6](Punishments of fines generally "fail to implicate a protected liberty interest.")(citing <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84, 487 (1995)). As a consequence, the due process requirements set forth in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), simply did not apply to the 2007 proceedings at LCF. Therefore, this court "need not address (plaintiff's) due process arguments" raised in connection with these "hardly atypical" disciplinary measures that did not "inevitably affect the duration of (his) sentence." <u>Hornsby</u>, 392 Fed.Appx. at 655. In short, plaintiff had no federal constitutional right to call witnesses in this proceeding or to the hearing officer's written statement of reasons for denying witnesses. Mr. Jones is not entitled to relief on this claim beyond the state court's order vacating his conviction and expunging his record.

Plaintiff's allegations regarding the disciplinary charges lodged against him at the EDCF in 2007 also fail to evince a viable federal constitutional violation. These particular disciplinary reports were issued in July 2007, and the charges were dismissed in October 2007. Any claim as to these proceedings is, on its face, barred by the two-year statute of limitations applicable to § 1983 complaints.[7] Any complaint based upon these events must have been

---

[6] Unpublished opinions are not cited herein as binding precedent but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

[7] "[An] action brought pursuant to § 1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose." See <u>Hardin v. Straub</u>, 490 U.S. 536, 539 (1989); <u>United States v. Kubrick</u>, 444 U.S. 111, 120 (1979). In Kansas, that is the two-year statute of limitations in K.S.A. § 60-513(a). <u>Brown v. Unified School Dist. 501, Topeka Public Schools</u>, 465 F .3d 1184, 1188 (10th Cir. 2006)(citations omitted); <u>Johnson v. Johnson County Comm'n Bd.</u>, 925 F.2d 1299, 1301 (10th Cir. 1991). While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007). Under federal law, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." <u>Fogle v. Pierson</u>, 435

filed within two years of their occurrence, or no later than October 2009. Plaintiff's complaint in this action was not executed until 2011, long after the statute of limitations applicable to these events had expired.

Likewise, plaintiff's allegations regarding his initial placement in PHD at the EDCF on July 31, 2007 without a hearing is time-barred. The same is true as to any actions taken by defendants prior to April 18, 2009. Plaintiff's complaint was executed on April 18, 2011, and any claims based on events that occurred more than two years prior to that date are barred by the statute of limitations.

Plaintiff's allegations that he was placed in ad seg two additional times without an hearing, even if not time-barred, fail to state a claim of federal constitutional violation. The partial record provided by plaintiff indicates that he has been provided Segregation Reviews, that he was not assigned to general population due to prison officials' judgment that he was involved in an escape attempt and other misconduct. His allegations and exhibits indicate that he has been given the opportunity to attend and participate in those reviews. Furthermore, plaintiff's exhibits and allegations indicate that he is not being held in ad seg for punitive purposes, but as the result of classification decisions.

Classification decisions are matters solely within the discretion and expertise of prison officials, and generally do not

---

F.3d 1252, 1258 (10th Cir.), cert. denied, 549 U.S. 1059 (2006); see Thorpe v. Ancell, 367 Fed.Appx. 914, 920 (10th Cir. 2010)(unpublished). A district court may dismiss a complaint filed by an IFP plaintiff if it is patently clear that the action is barred by the statute of limitations. Fogle, 435 F.3d at 1258-59 (10th Cir. 2006)(citing Jones v. Bock, 549 U.S. 199, 214 (2007)); see Fratus v. Deland, 49 F.3d 673, 674-75 (10th Cir. 1995). Plaintiff alleges no facts suggesting that he is entitled to statutory or equitable tolling.

involve an interest independently protected by the Due Process Clause. Trujillo v. Williams, 465 F.3d 1210, 1225 (10th Cir. 2006) (Classification of a plaintiff into segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause.)(citing Bailey v. Shillinger, 828 F.2d 651, 652 (10th Cir. 1987)(citing Hewitt v. Helms, 459 U.S. 460, 468 (1983)); Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994)(Colorado state laws and regulations do not entitle inmates to remain in the general population absent certain conduct.); see also Meachum v. Fano, 427 U.S. 215, 228 (1976). This is because "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence," and "administrative segregation is the sort of confinement . . . inmates should reasonably anticipate receiving at some point in their incarceration." Hewitt, 459 U.S. at 468. It follows that an inmate's challenges to intraprison transfers and classification decisions, which have resulted in more restrictive conditions, fail to state a claim under § 1983 absent a showing that the inmate has been subjected to conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Templeman, 16 F.3d at 369; see also Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005).

    Plaintiff alleges no facts whatsoever suggesting that any particular condition to which he was or is subjected in ad seg has imposed an "atypical and significant hardship" upon him. Nor does he describe how any such condition differed significantly from those experienced by other inmates in ad seg or even in general

population. Instead, as noted, he alleges only that he was held in ad seg for a few days pending investigation and for four years on OSR status without being afforded initial placement hearings. Plaintiff's contention that he could not be constitutionally transferred to ad seg without prior notice and a hearing, standing alone, is simply not legally sound. See Thomas v. Gunja, 110 Fed. Appx. 74, 75-76 (10th Cir. Sept.14, 2004)(unpublished)(transfer to a restrictive unit of another prison did not create atypical circumstance for purpose of creating a liberty interest); Weatherall v. Scherbarth, 208 F.3d 228, **1-2 (10th Cir. Feb. 28, 2000)(unpublished)(no liberty interest in reclassification into ad seg). Because Mr. Jones alleges no facts in his complaint which, if proven, establish that he had a liberty interest in remaining in minimum custody or out of ad seg, he fails to state a federal constitutional claim. See Chappell v. McKune, 201 F.3d 447, *1 (10th Cir. Nov. 30, 1999)(unpublished)(affirming summary judgment decision that inmate's lengthy stay of approximately 1000 days in ad seg was not atypical given inmate received all the privileges and incentives commensurate with his security level); Villarreal v. Harrison, 201 F.3d 449, *2 & n. 1 (10th Cir. Nov. 23, 1999)(unpublished)(upholding summary judgment decision that two-year duration of ad detention, even with restricted telephone privileges and eating alone in cell, did not involve conditions dramatically different from those in the general population); Gutierrez v. Shanks, 153 F.3d 727, *2 (10th Cir. July 9, 1998)(unpublished)(administrative segregation for over one year was not sufficient to distinguish confinement from that of other inmates for the purpose of creating a liberty interest); Jones v. Fields, 104 F.3d 367, *2

(10th Cir. Dec. 20, 1996)(unpublished)("Administrative segregation due to legitimate concerns about [the inmate's] escape history and prison security did not impose an atypical and significant hardship . . . in relation to the ordinary incidents of prison life.").

Unless plaintiff cures the foregoing deficiencies, this complaint shall be dismissed under 28 U.S.C. § 1915(a), and 1915(e)(2)(b). As a result, it may count as a strike against plaintiff under 28 U.S.C. § 1915(g).[8]

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 6.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff must file a complete Amended Complaint upon court-approved

---

[8] Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. If he acquires two more strikes, he will then be required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999); see also Ibrahim v. District of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006)("Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. 1983 and the Federal Tort Claims Act, most of which concern prison conditions and many of which are routinely dismissed as legally frivolous."); Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996)(citing legislative history); In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997).

forms[9] that does not include improperly joined parties or claims and that cures the deficiencies discussed herein, as well as show cause why this complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's request to appoint counsel in his complaint is denied, without prejudice.

The clerk is directed to send plaintiff § 1983 forms.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[9] Plaintiff must write the number of this case in the caption of his Amended Complaint, and the complaint must contain every claim that plaintiff wishes to pursue. The original complaint will not be considered further.