```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**MILO A. JONES,**

                    **Plaintiff,**

          **v.**                         **CASE NO.  11-3082-SAC**

**DAVID McKUNE,**
**Warden, et al.,**

                    **Defendants.**

### O R D E R

This pro se civil action was filed pursuant to 42 U.S.C. § 1983 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).[1]  Plaintiff has paid the initial partial filing fee assessed by the court and his motion to proceed without prepayment of fees shall be granted.

On June 23, 2011, the court screened plaintiff's original complaint, and issued a lengthy Memorandum and Order finding several deficiencies including that plaintiff had not alleged personal participation on the part of each named defendant, had improperly joined claims and parties, had failed to state a claim of denial of due process based on allegations that he was initially placed in administrative segregation without a hearing, and that his allegations regarding events that occurred more than two years prior to April 18, 2011, the date he executed the instant

---

[1] Plaintiff has notified the court that he was transferred to the Lansing Correctional Facililty, Lansing, Kansas.

complaint, were time-barred. Plaintiff was ordered to file an Amended Complaint upon court-approved forms in which he cured the deficiencies discussed in the court's Memorandum and Order. The matter is now before the court upon plaintiff's Amended Complaint (Doc. 6) and Motion to Appoint Counsel (Doc. 10). The court is required to screen the Amended Complaint. 28 U.S.C. § 1915A(a) and (b). Having considered all materials filed, the court finds as follows.

In his Amended Complaint, plaintiff names as defendants Raymond Roberts, Warden, El Dorado Correctional Facility, El Dorado, Kansas (EDCF); Susan Gibreal, Deputy Warden, EDCF; Gynger Jarboe, Unit Team Manager, EDCF; and Scott Wilson, Mental Health Staff, EDCF. The following defendants are not named in the Amended Complaint and are dismissed from this action as a result: David McKune, Warden, Lansing Correctional Facility (LCF); Roger Werholtz, Secretary of Corrections; "John/Jane Doe"; "Warden's administrative segregation hearing officer designee," EDCF; and Aimee Huffman, Unit Team Manager, EDCF.

The court finds that plaintiff has not shown good cause as to why his claims based upon acts or omissions that occurred prior to April 18, 2009, should not be dismissed from this action as time-barred. Accordingly, to the extent they are included in his Amended Complaint, all plaintiff's claims based on events that pre-date April 18, 2009, are dismissed. These include plaintiff's claims regarding events in 2007 and 2008. Any other claims that were in plaintiff's original complaint but are not raised in the

2

Amended Complaint are dismissed. The Amended Complaint completely supercedes the prior complaint.

Plaintiff's allegations that his security classification was changed and he was initially placed in administrative segregation without a hearing, notice, or an opportunity to defend fail to state a claim of constitutional magnitude. Moreover, most if not all these claims are time-barred for reasons stated in the court's screening order. Accordingly, plaintiff's claims of denial of due process based on these allegations are dismissed, and this action is dismissed as against defendant Gynger Jarboe.

Plaintiff's claims that he has been denied medical treatment for conditions caused by his long-term segregation are dismissed for the reason that they are not supported by sufficient factual allegations. Plaintiff alleges that he has migraines, but provides only his lay opinion that this condition is caused by his segregation. Whatever the cause, he does not allege facts, including the date and circumstances, as to when he presented to a medical provider with migraine symptoms but was denied medical treatment. Nor is it clear that he has named as defendant a medical provider that refused him treatment for migraines. Plaintiff's allegations that he is not being provided necessary mental health treatment for other symptoms arising from his long-term segregation are likewise without adequate factual support. Plaintiff does not allege that he has been diagnosed with or exhibited clear symptoms of a serious mental health condition and that he sought treatment for that condition on a specific date from

3

a named defendant, but was denied necessary treatment. His bald claim that he receives no attention for mental health problems is belied by his own allegations that he has spoken to the mental health counselor. His general complaint that adequate mental health services are not being provided is simply not sufficient to state a claim for denial of medical treatment. Accordingly, the court dismisses plaintiff's claims of denial of medical and mental health treatment for failure to state a federal constitutional claim, and dismisses this action as against defendant Scott Wilson, Mental Health Staff, EDCF.

Plaintiff alleges that he has fully exhausted the available administrative remedies on his claims. He seeks a declaratory judgment that his constitutional rights have been violated as well as money damages. Mr. Jones states that he sues defendants in both their official and individual capacities. However, his claims for money damages against the defendants in their official capacities are, in effect, claims for damages against the State of Kansas and are therefore barred by the State's Eleventh Amendment immunity.

The court finds that plaintiff's remaining claim is that he has been held in administrative segregation for 1800 days under conditions that amount to atypical and significant hardship[2] and has not been provided meaningful periodic reviews of his long-term

---

[2] Unlike in his original complaint, Mr. Jones has now alleged a multitude of conditions that he contends impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Templeman, 16 F.3d at 369; see also Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005).

4

segregation.[3] The court further finds that proper processing of this claim cannot be achieved without additional information from appropriate officials of the El Dorado Correctional Facility. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 10) and finds that it should be denied, without prejudice, at this juncture. There is no constitutional right to assistance of counsel in a civil rights action. Plaintiff appears quite capable of presenting the facts in support of his claims, and his claims are not complicated.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied as against the following defendants: David McKune, Warden, Lansing Correctional Facility (LCF); Roger Werholtz, Secretary of Corrections; "John/Jane Doe"; "Warden's administrative segregation hearing officer designee," EDCF; Aimee Huffman, Unit Team Manager, EDCF; Gynger Jarboe, Unit Team Manager, EDCF; and Scott Wilson, Mental Health Staff, EDCF.

**IT IS FURTHER ORDERED** that the following claims are dismissed: all plaintiff's claims based upon acts or omissions that

---

[3] The court found upon screening the original complaint that plaintiff's own allegations in, and exhibits with, that complaint indicated he has been provided segregation reviews and has been given the opportunity to attend and participate in those reviews, that he was not assigned to general population due to prison officials' judgment that he was involved in an escape attempt and other misconduct, and that he is not being held in ad seg for punitive purposes, but as the result of classification decisions. Plaintiff alleges additional facts in his Amended Complaint that call some of these findings upon screening into question. Thus, whether or not plaintiff has received meaningful periodic reviews of his long-term segregation is at issue.

5

occurred prior to April 18, 2009; plaintiff's claims of denial of due process made in connection with his initial placements in administrative segregation and in disciplinary proceedings; plaintiff's claims of denial of medical and mental health treatment, and plaintiff's claims for money damages against defendants in their official capacities.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and plaintiff is hereby assessed the remainder of the full filing fee to be paid over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[4]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 10) is denied, without prejudice.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt

---

[4] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

of that report by counsel for defendant.

(2) Officials responsible for the operation of the El Dorado Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is

exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS FURTHER ORDERED** the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the <u>Martinez</u> report ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2012, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge